UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CRAIG JOHNSON,                                         Case No. 16-CV-1746 (JNE/LIB)

                    Plaintiff,

v.                                                     REPORT AND RECOMMENDATION

CHIEF BOB HARTMAN, Crosslake Police
Department; SHERIFF TODD DAHL, Crow
Wing County Sheriffs; BAXTER POLICE
DEPARTMENT; CROSSLAKE POLICE
DEPARTMENT; and ERIC SWANSON,

                    Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Docket No. 2. For the reasons discussed below, it is recommended that Johnson's IFP application be denied and that this action be dismissed.

Plaintiff did not pay the required filing fee for this case, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996)

(per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

There are several problems with Johnson's Complaint.  First, and most importantly, Johnson's Complaint is nearly unintelligible.  This Court cannot tell why, exactly, Johnson believes he is entitled to relief from the named defendants.  Johnson gestures towards possible claims of retaliation in violation of his First Amendment rights and perhaps illegal seizure in violation of his Fourth Amendment rights, but the basic factual allegations relating to those claims are very poorly sketched out.  Simply put, this Court does not understand what specifically Johnson is alleging to have occurred.

Second, Johnson attempts to sue the Baxter Police Department and Crosslake Police Department, but "'[s]heriff's departments and police departments are not usually considered legal entities subject to suit.'"  *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).  Johnson cannot bring claims against those defendants.

Third, Johnson does not specify whether he is suing the defendants in their individual capacities, in their official capacities, or both. "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, Johnson brings his claims against the individual defendants only in their official capacities as municipal officials. These official-capacity claims are, in essence, claims against the municipalities themselves. But Johnson has not raised any specific factual allegations against the cities of Baxter or Crosslake (or any other governmental entity) in his Complaint, much less factual allegations that, if proved, would demonstrate that those entities acted unlawfully.

Because Johnson's complaint fails to state a claim on which relief may be granted, it is recommended that his IFP application be denied and that this action be summarily dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Because it is not *impossible* that Johnson could amend his Complaint to raise viable claims based on the events at issue in the Complaint, it is recommended that this matter be dismissed without prejudice. That said, this Court reminds Johnson that the right of access to the courts afforded to pro se litigants does not ensure an unrestricted opportunity to pursue frivolous, malicious, abusive, or repetitive proceedings. In light of Johnson's record of bringing frequent, repetitive, and unmeritorious litigation in this District,[1] it may soon become necessary to

---

[1]*See, e.g.*, *Johnson v. Persons Known Or To Be Called Upon*, No. 10-CV-3938 (ADM/LIB) (D. Minn. dismissed Oct. 19, 2010); *Johnson v. Almsted*, No. 11-CV-2100 (DWF/JJG) (D. Minn. dismissed Aug. 30, 2011); *Johnson v. Olson*, No. 11-CV-2309 (DWF/FLN) (D. Minn. dismissed Aug. 30, 2011); *Johnson v. Brainerd Police*, No. 11-CV-3280 (RHK/LIB) (D. Minn. dismissed Nov. 8, 2011); *Johnson v. Minnesota State Patrol*, No. 15-CV-3881 (MJD/LIB) (D. Minn. dismissed Dec. 7, 2015); *Johnson v. Essentia St. Joseph's Medical*
(continued...)

impose restrictions on his ability to pursue further pro se proceedings.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.      This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28

U.S.C. § 1915(e)(2)(B).

2.      Plaintiff Craig Johnson's application to proceed *in forma pauperis* [Docket No. 2]

be **DENIED**.

Dated: June 7, 2016                                    s/Leo I. Brisbois
                                                       Leo I. Brisbois
                                                       United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement

---

[1](...continued)
*Center*, No. 15-CV-4034 (SRN/LIB) (D. Minn. dismissed Dec. 29, 2015); *Johnson v. Crow Wing County Sheriffs Department*, No. 15-CV-4319 (JRT/LIB) (D. Minn. dismissed Jan. 19, 2016); *Johnson v. Crow Wing County Sheriffs Department*, No. 15-CV-4320 (JRT/LIB) (D. Minn. dismissed Jan. 19, 2016); *Johnson v. Crow Wing County Sheriff Department*, No. 15-CV-3901 (PJS/LIB) (D. Minn. dismissed Feb. 23, 2016); *Johnson v. Cartner*, No. 16-CV-0053 (ADM/LIB) (D. Minn. dismissed Feb. 23, 2016).

14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.