# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CRAIG JOHNSON,

       Plaintiff,

v.

CHIEF BOB HARTMAN, Crosslake Police Department; SHERIFF TODD DAHL, Crow Wing County Sheriffs; BAXTER POLICE DEPARTMENT; CROSSLAKE POLICE DEPARTMENT; and ERIC SWANSON;

       Defendants.

Civil No. 16-1746 (JNE/LIB)
ORDER

       Plaintiff Craig Johnson brought this action against Chief Bob Hartman of the Crosslake Police Department, Sheriff Todd Dahl of the Crow Wing County Sheriffs, the Baxter Police Department, and the Crosslake Police Department. Dkt. No. 1. Johnson clearly also intended Eric Swanson to be a defendant, even though Johnson did not name him in the Complaint's caption. *See id.* at §§ 2, 7. In a Report and Recommendation dated June 7, 2016, the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the action be dismissed without prejudice. Dkt. No. 3. Johnson did not object to the Report and Recommendation. Even though he did not object, the Court conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court ADOPTS the conclusions and reasoning of the Report and Recommendation [Dkt. No. 3], subject to the following supplemental analysis.

       Johnson applied to proceed in this action *in forma pauperis*. Dkt. No. 2. A case in which the plaintiff seeks to proceed *in forma pauperis* must be dismissed "at any time" if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court agrees that Johnson's Complaint fails to state a claim on which

relief may be granted because he has not plausibly pleaded any cause of action, even under the relaxed standards applied to a *pro se* complaint. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).

As the Report and Recommendation found, Johnson's Complaint is difficult to follow. It does not identify any causes of action, which is not fatal. *Id.* at 849, 854 (stating that the court must "examine the complaint to determine if the allegations provide for relief on any possible theory[,]" although there is no "sweeping duty upon district courts to devise legal theories for *pro se* plaintiffs") (citation omitted). But what is fatal is the absence of sufficient factual allegations to support any cause of action that can possibly be gleaned from the Complaint. As the Report and Recommendation noted, one can surmise that the allegations against Dahl and Hartman are intended to support a 42 U.S.C. § 1983 cause of action for First Amendment retaliation. As for any other potential causes of action, though, the paucity of the facts alleged precludes "the essence of an allegation" from being "discernable." *Id.* at 854 (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). The only other allegations concern Swanson, and they too are bare, consisting entirely of the following: "Swanson for leaving me han[d]c[u]ffed in the Emergency room a long time and having the assistant police chief come in with conditions of taking them off." Compl. 4. The Court can merely guess that Johnson might be alleging a Fourth Amendment illegal seizure or an Eighth Amendment claim against Swanson, but cannot discern the essence of these allegations. They thus fail to state a cause of action.

The Report and Recommendation also identified some fatal deficiencies with the allegations against each of the defendants; additional deficiencies can be noted. Not only are the Baxter Police Department and Crosslake Police Department not proper defendants because neither is "a suable entity," *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436,

437 (8th Cir. 2001), but the Complaint also fails to state a cause of action against these two entity defendants because, even though it names them in the caption, it "does not set forth any allegations of wrongdoing on [their] part," *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012).  As for Dahl, Hartman, and Swanson, even setting aside the other problems with the adequacy of the facts alleged, the Complaint fails to allege a cause of action against them because it neither alleges that they acted in their individual capacities nor that they acted in their official capacities pursuant to a policy or custom.  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999); *see also L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 811 (8th Cir. 2012).  Finally, the facts alleged against Dahl fail to state a § 1983 cause of action for violation of the First Amendment because they do not plausibly allege that Dahl took "adverse action that would 'chill a person of ordinary firmness' from continuing in" his protected activity.  *L.L. Nelson*, 673 F.3d at 807-08 (citation omitted).  Johnson merely alleges that Dahl called him and asked some questions, which cannot be construed as even a verbal threat.  Compl. 4; *see Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (finding that a vaguely ominous statement was not actionable).  The Court also has doubts about the adequacy of the allegations against Hartman but need not decide that question because the Complaint fails to state a cause of action against him for the reasons stated above.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. No. 2] is DENIED.

2. This action is DISMISSED WITHOUT PREJUDICE.

Dated: August 1, 2016                                    s/ Joan N. Ericksen
                                                          JOAN N. ERICKSEN
                                                          United States District Judge